# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PHILLIP MICHAEL SCOTT, # 348326　　\*

　　　　　　　　　　　　　　　　　　\*　Civil Action No. JFM-13-676

Petitioner　　　　　　　　　　　　　\*

v　　　　　　　　　　　　　　　　　　\*

BOBBY P. SHEARIN, and　　　　　　　\*
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND　　　　　　　　　\*

Respondents　　　　　　　　　　　　\*

\*\*\*

## MEMORANDUM

In their response to this petition for writ of habeas corpus under 28 U.S.C. § 2254, respondents request dismissal of the petition as time-barred. (ECF No. 4). Self-represented petitioner Phillip Michael Scott has filed a reply. (ECF No. 6).[1] The matter is ripe for disposition, and the court now rules pursuant to Local Rule 105.6 (D. Md. 2011), as a hearing is deemed unnecessary.

## LIMITATIONS PERIOD

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011).[2] This one-year period is tolled while properly filed post-conviction proceedings are

---

[1] Consonant with *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Scott was provided an opportunity to explain why the petition should not be dismissed as time-barred or why principles of equitable tolling apply.

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,418 (2005).

## DISCUSSION

Scott is challenging his 2007 conviction pursuant to a guilty plea entered in the Circuit Court for Baltimore County, Maryland, for armed robbery and related offenses. On January 9, 2008, Scott was sentenced to serve a term of 12 years in prison. Scott did not file for leave to appeal the entry of his guilty plea and sentences. Thus, his judgment of conviction became final on February 8, 2008, when the time for filing leave to appeal expired. *See* Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought).

On October 1, 2008, Scott filed a petition for post-conviction relief in the Circuit Court for Baltimore County. He withdrew the petition on April 17, 2009. On September 10, 2010, he filed another post-conviction petition. It was denied by the Circuit Court on June 1, 2011.

---

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Scott's application for leave to appeal this ruling was summarily denied by the Court of Special Appeals of Maryland in an unreported opinion filed on July 31, 2012, with the court's mandate issuing on August 31, 2012.

In view of this history, Scott's federal petition for habeas relief, deemed filed on February 27, 2013,[3] is untimely. Scott had no state post-conviction or other collateral review proceedings pending between the following time periods: 1) February 8, 2008, and October 1, 2008 (over seven months); 2) April 17, 2009, and September 10, 2010 (over 16 months); and 3) August 31, 2012, and February 27, 2013 (over five months). These time periods combined far exceed one year.

Scott attributes the untimely filing of his federal petition to his post-conviction counsel. (ECF No. 6). Scott states that after his filed his petition for state post-conviction relief on October 1, 2008, he withdrew his petition on April 17, 2009, "at the behest of counsel…." because counsel wanted to file a "supplement" to the petition. (ECF No. 6 at 2). Scott avers counsel told him she filed the "supplement in May 2009 only thirty days after it [the petition] had been withdrawn and was waiting for a hearing date." *Id.* Scott states he discovered when filing the instant federal petition that "counsel had not filed the post-conviction supplement as she had claimed."

Scott fails to provide any evidence to corroborate his conclusory allegations that post-conviction counsel encouraged him to withdraw his petition and filed the promised "supplement" several months after purportedly assuring him the "supplement" had been filed at an earlier

---

[3] For the purpose of assessing timeliness, the court deems the petition filed on the date it was signed, February 27, 2013. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. City of Richmond Police Department*, 947 F.2d 733 (4th Cir. 1991) *United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

date.[4] Further, Scott fails to demonstrate diligent pursuit of his rights during the some sixteen months between withdrawal of his post-conviction petition and its refiling. Lastly, assuming *arguendo* that the delay Scott attributes to post-conviction counsel between April 17, 2009 and September 10, 2010, amounted to an extraordinary circumstance which stood in his way to prevent timely filing of his federal petition, the remaining aggregate period of untolled time is still over twelve months (February 8, 2008, through October 1, 2008 and August 31, 2012, through February 27, 2013). Consequently, the court will dismiss the petition as untimely by separate order to follow.

**CERTIFICATE OF APPEALBILITY**

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural

---

[4] Notably, Scott does not allege, nor do the facts suggest abandonment by post-conviction counsel. Generally speaking, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (citations omitted); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction...."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' ... attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer,* 687 F.3d 514, 538 (2d Cir.2012); *see also Maples v. Thomas*, 565 U.S. _, _ & n. 7, 132 S.Ct. 912, 922–27 & n. 7 (2012) (holding that abandonment of petitioner was cause to overcome procedural default and observing thedistinction between attorney negligence and attorney abandonment should apply equally in equitable tolling context).

ruling." *Slack*, 529 U.S. at 484.  Scott does not satisfy this standard, and the court declines to issue a certificate of appealability.

## **CONCLUSION**

For these reasons, the court will dismiss the petition as untimely filed and shall decline to issue a certificate of appealability.  A separate order follows.

  June 19, 2013                                   /s/                                       
Date                                              J. Frederick Motz
                                                  United States District Judge